United States District Court
Southern District of Texas
**ENTERED**
January 18, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANNY HUYNH., | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:18-CV-01756 |
| | § | |
| ZURNO, INC. | § | |
|     *Defendant*. | § | |

### MEMORANDUM AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This case was referred by District Judge Vanessa Gilmore pursuant to 28 U.S.C. § 636(b)(1)(A) for the determination of all non-dispositive pretrial matters. (Dkt. 8). Pending before the court is Defendant Zurno, Inc.'s motion to dismiss for lack of personal jurisdiction. (Dkt. 7). Plaintiff Danny Huynh responded, and Defendant replied. (Dkts. 9, 13). Plaintiff also moved for leave to conduct jurisdictional discovery. (Dkt. 9). Rulings by a magistrate judge on dispositive matters, such as a motion to dismiss or motion for summary judgment, are recommendations subject to *de novo* review by the district court when properly challenged by the losing party. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 762 (5th Cir. 2016) (citing 28 U.S.C. § 636(b)(1)). After considering the pleadings, the record, and the applicable law, it is **RECOMMENDED** that Defendant's motion to dismiss for lack of personal jurisdiction be **DENIED,** and that Plaintiff's motion for leave to conduct jurisdictional discovery be **GRANTED**.

### I.   Background

Plaintiff Danny Huynh (Plaintiff/Huynh), a Texas resident, has filed this lawsuit against Defendant Zurno, Inc. (Defendant/Zurno), a Florida citizen,[1] for violations of the Lanham Act §

---

[1] A corporation is a citizen of every state in which it is incorporated and maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated under Florida law and maintains its principal place of business in Florida. (Dkt. 1 at 2). Thus, Defendant is a Florida citizen.

43(a). Huynh alleges that Defendant violated the Lanham Act by selling counterfeit versions of Plaintiff's merchandise through its website. (Dkt. 1-2 at 3, 4; Dkt. 9 at 1). Section 43(a) of the Lanham Act provides:

> any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, . . . or as to the origin of . . . goods, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics qualities, or geographic origin of . . . another person's goods . . . shall be liable in a civil action by any person who believes . . . that he or she is or is likely to be damaged by such act.

15 U.S.C.A. § 1125(a).

Defendant maintains a website, https://shop.nailsjobs.com, that offers a variety of beauty products for sale. (Dkt. 7 at 7). The website is "generally accessible to internet users nationwide" but "does not . . . direct or target [consumers] . . . in Texas." (*Id*. at 7). Defendant has no physical presence in Texas. (Dkt. 7-1 at ¶¶ 9-18).

In August 2016, Plaintiff and Defendant entered a business arrangement to permit the sale of Plaintiff's acrylic nail filler on Defendant's website. (Dkt. 7 at 7; Dkt. 9 at 2). Through that arrangement, Defendant purchased Plaintiff's products and subsequently sold them to the public on its website. (Dkt. 9 at 2). Defendant claims that Plaintiff sent electronic files including the labels for his products and authorized Defendant to print and affix those labels to containers of his products. (Dkt. 13-1 at ¶¶ 4, 5). Defendant also maintains that Plaintiff approved the use of alternative packaging materials for Plaintiff's products. (Dkt. 9 at 3; Dkt. 13-1 at ¶ 5).

On February 4, 2018, Long Nguyen (Nguyen), a Texas resident, purchased Plaintiff's products through Defendant's website and Defendant subsequently shipped the items to Nguyen

in Texas. (Dkt. 9-2 at 1-2). Plaintiff claims that Nguyen contacted him regarding the shipment from Defendant because the products Nguyen received "seemed strange." (Dkt. 9 at 3). Plaintiff then inspected the products and noted that the shipment contained counterfeit products. (*Id*.). Plaintiff believes the products are counterfeit because they were packaged in unauthorized containers and marked with unauthorized labels. (*Id*). On February 26, 2018, Plaintiff's attorney sent Defendant a letter dissolving the business relationship between the parties. (Dkt. 13-1 at 2).

On April 16, 2018, Plaintiff filed suit against Defendant in Texas state court. (Dkt. 1-2 at 2-5). On May 29, 2018, Defendant removed the action to federal court. (Dkt. 1). Defendant filed this motion to dismiss for lack of personal jurisdiction on July 13, 2018. (Dkt. 7).

**II. Analysis**

**A. Rule 12(b)(2) Legal Standard and the Exercise of Personal Jurisdiction**

A defendant may challenge a court's jurisdiction over his person by moving for dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(b)(2); *Mullins v. TestAmerica, Inc*., 564 F.3d 386, 395 (5th Cir. 2009). If a defendant does so, the plaintiff bears the burden to show that the court has jurisdiction over the defendant. *Johnston v. MultidataSyst. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Unless the court holds an evidentiary hearing, the plaintiff need only establish a prima facie case of jurisdiction. *See id*.

A prima facie showing of personal jurisdiction may be established by the pleadings, depositions, affidavits, or exhibits of record. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The court must accept as true the uncontroverted allegations in the complaint and resolve any factual conflicts in favor of the plaintiff. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000). However, the court is not required to credit conclusory

3

allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). "After a plaintiff makes his prima facie case, the burden shifts to the defendant to present 'a compelling case that the presence of some other consideration would render jurisdiction unreasonable.'" *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 769 (N.D. Tex. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the forum state's long-arm statute, and (2) to the extent permitted by the due process clause of the Fourteenth Amendment. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). Because the Texas long-arm statute is coextensive with the limits of federal due process, this court need only address whether the exercise of jurisdiction over a defendant comports with the requirements of the Fourteenth Amendment. *Mullins,* 564 F.3d at 398.

The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant has "purposefully availed itself of the benefits and protections of the forum by establishing 'minimum contacts' with the forum state," and (2) the exercise of personal jurisdiction over the defendant aligns with "traditional notions of fair play and substantial justice." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *International Shoe Co v. Washington*, 326 U.S. 310, 316 (1945). Both prongs of the due process test must be fulfilled for this court to exercise personal jurisdiction over a defendant.

The first prong, referred to as the "minimum contacts" requirement, may be satisfied if either: (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts

4

with the forum (specific jurisdiction), or (2) the defendant has "continuous and systematic" contacts with the forum (general jurisdiction). *Alpine View*, 205 F.3d at 215; *Burger King Corp.*, 471 U.S. at 472-76; *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 413-17 (1984).

Under the second prong, the "fundamental fairness" requirement, a court considers several factors to decide whether the exercise of jurisdiction comports with traditional notions of fairness and substantial justice. The factors to be examined include: (1) the burden on the nonresident defendant to defend itself in the forum; (2) the interests of the forum state; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies. *Luv N' care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 473 (5th Cir. 2006).

### B. Plaintiff has made a preliminary showing of specific jurisdiction sufficient to permit limited jurisdictional discovery.

Plaintiff does not argue that Defendant is subject to general jurisdiction in this district. (Dkt. 9 at 4). By failing to address in his Response the Defendant's argument that no general jurisdiction exists, Plaintiff has waived any argument for the exercise of general jurisdiction by this court. *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748, n. 10 (S.D. Tex. 2003); *see* S.D. Tex. Local Rule 7.4 ("Failure to respond will be taken as a representation of no opposition."). Accordingly, the court will address only whether Defendant has established the minimum contacts to support the exercise of specific jurisdiction. *See Springboards to Education, Inc. v. Hamilton County Read 20*, No. 3:16-CV-2509-B, 2017 WL 3023489, at * 3 (N.D. Tex. July 14, 2017)

(court's analysis limited to specific jurisdiction where plaintiff's response addressed specific jurisdiction only).

### Requirements for Specific Jurisdiction

To establish specific jurisdiction over a defendant, a plaintiff must show: (1) there are sufficient contacts between the defendant and the forum; (2) the contacts were purposefully established by the defendant; and (3) plaintiff's cause of action arises from or is related to the defendant's forum contacts. *Pervasive Software,* 688 F.3d at 221. "'[I]t is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the privileges and benefits of the forum's laws.'" *Id*. at 222 *(*quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). The "purposeful availment" requirement ensures that a nonresident defendant will not be subject to jurisdiction solely as a result of the unilateral activity of another party. *Id*.

With respect to the third element required for specific jurisdiction, the court finds that Plaintiff's Lanham Act claims arise from or are related to the allegations that through its website, Defendant sold and delivered to a Texas resident, counterfeit, misleading or mislabeled products. Thus, the remainder of the court's analysis regarding specific jurisdiction will focus on (1) whether Defendant's internet-based sale to a Texas resident demonstrates sufficient contacts with Texas, and (2) whether the contact from the internet-based sale resulted from Defendant's purposeful conduct.

### Sufficiency of contact from internet-based sale

To assess whether contacts over the internet should subject a nonresident defendant to jurisdiction, the Fifth Circuit has adopted the analysis used in *Zippo Mfg. Co. v. Zippo Dot Com,*

*Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997). *See Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (adopting *Zippo* analysis). *Zippo* established three categories of websites based on the website's level of interactivity and "prescribed a different jurisdictional result for each of the three categories of websites[.]" *Construction Cost Data, L.L.C. v. Gordian Group, Inc.*, No. 4:16-CV-114, 2016 WL 10951769, at *3 (S.D. Tex. July 22, 2016).

At one end of the spectrum, when a website consists of nothing more than "passive advertisement," the court should not exercise jurisdiction. *Mink*, 190 F.3d at 336. At the other end of the spectrum, when a defendant's website facilitates the formation of contractual relationships and "the knowing and repeated transmission of computer files over the Internet[,]" the exercise of personal jurisdiction is proper. *Id*. When a website falls somewhere in between, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the [w]ebsite." *Id*. The more interactive and commercial a defendant's website is, the more likely it is that the defendant interacted with forum residents through the website and availed itself of the privileges of doing business in the forum, thereby establishing the minimum contacts required for jurisdiction. *See Carrot Bunch Co., Inc v. Computer Friends, Inc*., 218 F.Supp.2d 820, 825 (N.D. Tex. 2002).

Neither party provided any analysis of Defendant's website under the *Zippo* framework, but the court must do so. Defendant's motion and the declarations of the company's president establish the following: Defendant sells finger nail, eye brow, and eye lash beauty products through its website "shop.nailsjobs.com;" it operates as a retailer and not a wholesaler; it makes sales *only* through its website; and the website is generally accessible to internet users nationwide. (Dkt. 7 at 7; Dkt. 7-1 at ¶ 4). Thus, Defendant is a retailer that sells product exclusively through

its website. Defendant's website allows online purchases, and therefore is interactive and commercial. Although Defendant claims that it does not "focus on, direct or target anyone or anything in Texas[,]" it does not deny that its website permits shipping to Texas and allows Texas residents to purchase products from the website. (Dkt. 7-1 at ¶¶ 4-7). Based on this information, Defendant's website falls into the middle or second category of the *Zippo* sliding scale. *See Carrot Bunch*, 218 F.Supp.2d at 826 (defendant's website fell into second category where defendant sold products to and emailed customers through website); *Mothers Against Drunk Driving v. DAMMADD, Inc.*, No. 302CV1712G, 2003 WL 292162, at * 5 (N.D. Tex. Feb. 7, 2003) (defendant's website fell within middle range of *Zippo* spectrum where website allowed visitor-host interaction via submission of anonymous tips, visitor donations, and product sales).

"In applying the *Zippo* test, district courts within the Fifth Circuit have often exercised personal jurisdiction over defendants whose websites enabled online purchases." *721 Bourbon, Inc. v. House of Auth, LLC,* 140 F. Supp. 3d 586, 594 (E.D. La. 2015) (citing *Tempur–Pedic Int'l v. Go Satellite, Inc*., 758 F.Supp.2d 366, 373 (N.D. Tex. 2010); *AdvanceMe, Inc. v. Rapidpay, LLC,* 450 F.Supp.2d 669, 673 (E.D. Tex. 2006); *Am. Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc*., 106 F.Supp.2d 895, 901 (N.D. Tex. 2000)). However, a website that allows online sales is not, by itself, enough to create jurisdiction. Plaintiff also must show actual contact with residents of the forum, not just the potential for sales in the forum. *Autoflex Leasing-Dallas I, LLC*, No. 3:16-CV-2589-D, 2017 WL 713667, at * 5 (N.D. Tex. Feb. 23, 2017) (in order to create jurisdiction, interactive website must have produced actual sale in the forum, not the mere possibility of sales); *Mink*, 190 F.3d at 337 ("Absent a defendant doing business over the internet or sufficient interactivity with residents of the forum state, we cannot conclude that personal

jurisdiction is appropriate."). Plaintiff has presented evidence of a single sale of his product from Defendant's website, made to a Texas resident (Nguyen), which was also delivered to Texas. (Dkt. 9-2 at 1-2).

The Fifth Circuit has stated that a single act directed at the forum state can confer specific jurisdiction, but the single act must create a "substantial connection" with the forum to satisfy the minimum contacts requirement. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) ("If the contact resulted from the defendant's conduct and created a substantial connection with the forum state, even a single act can support jurisdiction."); *see also Francesca's Collections, Inc. v. Medina*, H-11-307, 2011 WL 3925062, at * 1 (S.D. Tex. Sept. 7, 2011) (finding one internet sale was sufficient to confer jurisdiction). Even assuming the single internet sale could support specific jurisdiction, a fact issue exists as to whether the internet sale resulted from Defendant's purposeful contact with Texas.

**Contact must result from Defendant's purposeful conduct, not Plaintiff's**

The single internet-based sale[2] to a Texas resident cannot satisfy the minimum contacts requirement unless it resulted from Defendant's purposeful conduct and not the unilateral activity of Plaintiff or his agent. *See Bearry*, 818 F.2d at 374 (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980). An interested party's internet purchase from a

---

[2] Plaintiff has not presented any other legally sufficient basis for personal jurisdiction. Plaintiff asserts a stream of commerce theory to support its claim of jurisdiction (Dkt. 9 at 3), but this case does not involve a sale to an intermediary. *See Luci Bags LLC v. Younique, LLC*, 4:16-cv-00377, 2017 WL 77943, at *3 (N.D. Tex. Jan. 9, 2017) (Jurisdiction based on a stream of commerce theory is only appropriate when "contacts with the forum state are derived from the use of an intermediary to deliver the product into the forum."). Plaintiff also claims jurisdiction is appropriate due to the parties' previous transactions in which Defendant purchased products from Plaintiff and subsequently shipped them to Texas. (Dkt. 9 at 6). However, Plaintiff fails to demonstrate that its Lanham Act claim arises from or is related to the parties' previous business relationship and cites no relevant caselaw to support the argument.

9

nonresident defendant's website represents unilateral activity by the plaintiff as opposed to the defendant's purposeful availment of the benefits of conducting business in the forum. *See Pervasive Software*, 688 F.3d at 228 ("A corporation's sales to forum residents . . . must demonstrate "purposeful targeting of residents of the form . . . or purposeful availment of the benefits or privileges of the forum[]" to satisfy the requirements of due process.).

Defendant has raised a fact issue as to whether Nguyen was a disinterested party who made the purchase as the result of being reached in Texas by Defendant's website, or whether he was acting at the behest of the Plaintiff. (Dkt. 13 at 3-4; Dkt. 13-1 at ¶¶ 6-8). If the latter is true, the single internet sale cannot support personal jurisdiction. *See CMC Steel Fabricators, Inc. v. Franklin Investment Corp*., No. 3:15-CV-2854-B, 2016 WL 3418974, at * 2 (N.D. Tex. June 22, 2016) (single internet sale to plaintiff's counsel in the forum could not be considered defendant's conduct and could not establish specific jurisdiction); Tempur-Pedic, 758 F.Supp.2d at 374-75 (recognizing reticence in Fifth Circuit to permit jurisdiction based on sales initiated by plaintiff); *QR Spex, Inc. v. Motorola, Inc*., 507 F.Supp.2d 650, 661 (E.D. Tex. 2007) (two sales to plaintiff's private investigator could not be considered evidence that defendant purposefully availed itself of the forum); *721 Burbon*, 140 F.Supp.3d at 596-97 (single internet sale to plaintiff's private investigator did not establish purposeful minimum contacts sufficient to create specific jurisdiction); *Monistere v. Losauro*, No. 13-22, 2013 WL 6383886, at *7 (E.D. La. Dec. 4, 2013) (single sale into Louisiana from defendant's website could not support jurisdiction because sale was to plaintiff and therefore did not result from defendant's purposeful conduct); *Shamsuddin v. Vitamin Research Prods.,* 346 F.Supp.2d 804, 810, 813 (D.Md. 2004) (two internet sales into

forum, which were made to and manufactured by plaintiff's acquaintances, could not create personal jurisdiction).

### Plaintiff's request for jurisdictional discovery should be granted

When a defendant disputes the factual bases for jurisdiction and discovery could reveal information relevant to determining whether personal jurisdiction exists, the court may receive discovery to help it resolve the jurisdictional issue. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008); *Lloyd's Syndicate 457 v. American Global Maritime Inc.*, H-16-3050, 2018 WL 5014188, at * 15 (S.D. Tex. Oct. 16, 2018). Discovery on matters of personal jurisdiction is not necessary unless the motion to dismiss raises fact issues. *Lloyd's Syndicate 457*, 2018 WL 5014188, at * 15. When seeking jurisdictional discovery, a plaintiff must make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained.").

Plaintiff has made a preliminary showing of jurisdiction based on a single sale to a Texas resident from Defendant's website. Defendant admits it is a retailer of nail and beauty products, that it sells those products from its website only, and that it has sold Plaintiff's products. Thus, Defendant's website functions like the type of virtual store courts have found are sufficiently interactive and commercial to create personal jurisdiction when either the forum is targeted or actual sales into the forum occur. Nguyen's purchase of allegedly counterfeit product gives rise to Plaintiff's Lanham Act claim that Defendant misrepresented the origin of the product, made

misleading statements about the product, or caused confusion in the marketplace regarding the origin of the allegedly counterfeit products. Because Plaintiff has made a preliminary showing of specific jurisdiction, the parties should be permitted to conduct limited jurisdictional discovery as to (1) whether Nguyen acted as a disinterested purchaser who was reached by Defendant's website, or whether he purchased product as a result of some affiliation with or conduct by Plaintiff; and (2) whether Defendant has made other sales to residents of Texas through its website.

### C. Defendant has not met its burden to show that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.

If, after jurisdictional discovery, Plaintiff establishes a prima facie case of jurisdiction, the burden shifts to Defendant to show that the court's exercise of jurisdiction is unreasonable. *Luv N' care,* 438 F.3d at 473. In making this determination, the court will consider (1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interests of the several states in furthering fundamental social policies. *Id*.

Defendant has not met its burden to show that the exercise of jurisdiction is unreasonable. *Burger King*, 471 U.S. at 477. Defendant's only argument to contest the reasonableness of the exercise of jurisdiction is that "Zurno has no connection with Texas, and nothing Zurno did could justify its being dragged into a Texas courtroom for this dispute." (Dkt. 7 at 15). Defendant wholly fails to address any of the specific factors that the court must consider in assessing the reasonableness of the exercise of jurisdiction. *See Luv N' care,* 438 F.3d at 473. Therefore, at this time, Defendant has failed to meet its burden to show that the exercise of jurisdiction offends

traditional notions of fair play and substantial justice and its motion to dismiss for lack of personal jurisdiction should be denied.

### III. Conclusion and Recommendation

For the reasons discussed above, it is **RECOMMENDED** that the Defendant's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) be **DENIED.**

It is further **RECOMMENDED** that Plaintiff be permitted to conduct jurisdictional discovery with respect to the issues set out in this memorandum.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 7007.

Signed on January 18, 2019, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge

13